## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KEITH THOMAS,

     Plaintiff,

v.

SELECT PORTFOLIO SERVICING,
INC. and DLJ MORTGAGE CAPITAL,
INC.,

     Defendants.

Case No. 1:22-cv-00272-WMR

### <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS</u>

COME NOW, Select Portfolio Servicing, Inc. ("SPS") and DLJ Mortgage

Capital, Inc. ("DLJ") (sometimes collectively referred to as "Defendants"), and file

this Memorandum of Law in Support of their Motion to Dismiss pursuant to Fed.

R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

### <u>STATEMENT OF FACTS</u>

Plaintiff Keith Thomas (the "Plaintiff") is at it again. He is a serial litigator

who has been mounting baseless challenges to try to avoid foreclosure for over a

decade, and already has a prior case pending in this Court. *See* [Doc. 1] at p. 3, ¶ 4;

*Thomas v. Bank of Am., N.A.*, No. 1:21-cv-03369-WMR (N.D. Ga.) ("*Thomas IV*")

Based on his admission in *Thomas IV* that he has failed to pay his mortgage since 2010, it seems as though he has saved up plenty of money to pay court filing fees while living in his house for free, including the $482 fee to file this most recent frivolous attempt to delay and harass his creditors.

Although the Plaintiff alleged few facts about his mortgage loan in the current Complaint, reference to the filings in *Thomas IV* – which this Court can take judicial notice of[1] – help to fill in the holes. This is especially true because the Plaintiff views the instant case as a continuation of *Thomas IV* and he alleges that SPS and DLJ are "participating within the ongoing fraud" that he is alleging in the other case. *See* [Doc. 1] at p. 4, ¶ 5. As such, essentially every allegation from *Thomas IV* is relevant here.

The Plaintiff obtained the mortgage loan at issue in 2007 from Northstar Mortgage Group, LLC ("Northstar"). *See Thomas IV*, [Doc. 1] at ¶ 9. To secure repayment of this loan, the Plaintiff conveyed the property located at 2655 West Road, Riverdale, Georgia 30296 to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Northstar, its successors and assigns, via security deed

---

[1] This Court can take judicial notice of public records on a Motion to Dismiss without converting the motion to one for summary judgment. *See Bryant v. Avado Brands, Inc.*, 187 F.2d 1271, 1280 (11th Cir. 1999). Pursuant to Fed. R. Civ. 201(c)(2), SPS and DLJ request that this Court take judicial notice of the documents attached hereto, as well as to the docket entries cited herein from other cases filed by the Plaintiff in this district (district court and bankruptcy court).

recorded on June 25, 2007, in Deed Book 45245, Page 448, Fulton County, Georgia records (the "Security Deed"). *See id.* at [Doc. 12-2].

On August 23, 2010, MERS assigned the Security Deed to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP (the "Assignment"). *See id.*, [Doc. 1] at pp. 20-21. MERS executed a Corrective Assignment on December 19, 2011, to Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP (the "Corrective Assignment"). *Id.* at p. 23. The Corrective Assignment contains a note that it was "**NEEDED TO CORRECT THE EXECUTION**". *Id.* (emphasis in original).

The Plaintiff claims that the Assignment and Corrective Assignment are fraudulent and were created "to support Bank of America's ongoing fraudulent discriminatory efforts preventing this plaintiff from conducting any transactions with his residential property." *Id.* at ¶ 4. The supposed reason why these documents are "fraudulent" is because the Plaintiff claims that Northstar's residential mortgage license was revoked by the Georgia Department of Banking and Finance on February 1, 2010. *See id.* at ¶ 3. Since the Security Deed was assigned in 2010, the Plaintiff claims that "Bank of America have [*sic*] fraudulently demanded money from the plaintiff via U.S. Mail and other interstate

commerce methods of communication." *Id.* at ¶ 8. However, the Plaintiff admits that he has not made any payments since 2010, claiming that he only performed under the contract until the time that Northstar ceased to exist. *Id.* at ¶ 9. The Plaintiff claims that Northstar was administratively dissolved by the Georgia Secretary of State in January 2010. *Id.* at ¶ 10. According to the Plaintiff's allegations, certain documents on file with the Georgia Secretary of State – which he failed to identify – fail to show that Northstar claimed any interest in the Property at the time of its dissolution. *Id.* at ¶ 11.

Bank of America's attorneys allegedly began sending foreclosure notices to the Plaintiff in May 2010. *Id.* at ¶ 12. This makes sense since the Plaintiff admitted that he stopped making payments no later than January 2010. *Id.* at ¶ 9. In response to these foreclosure notices, the Plaintiff filed for bankruptcy in this district, which began his string of lawsuits challenging Bank of America's right to enforce the Security Deed. *Id.* at ¶ 12.

The Plaintiff claims that he filed an adversary proceeding against Bank of America, "challenging [its] authority to conduct a foreclosure against him in or around June 2010." *Id.* The only adversary proceeding that the Plaintiff filed around this time was on July 23, 2010. *See Thomas v. Bank of Am., N.A. (In re Thomas)*, No. 10-09064-jrs (Bankr. N.D. Ga.). The Plaintiff claims that Judge

Sacca held an injunction hearing in June 2010 and "noted that Bank of America lacked standing to proceed against this plaintiff in any manner pertaining to a real property foreclosure . . . ." [Doc. 1] at ¶ 13. In actuality, Judge Brizendine was the judge assigned then, and he entered an order on August 5, 2010, that "Plaintiff-Debtor's emergency motion to set hearing on request for injunctive relief be, and the same hereby is, **denied** as said relief appears unnecessary given that the automatic stay is in place." *In re Thomas* at [Doc. 8] (emphasis in original). This adversary proceeding was dismissed on March 7, 2011, because the underlying bankruptcy case was dismissed on November 19, 2010. *Id.* at [Doc. 25]. The Plaintiff appealed the dismissal of the underlying bankruptcy case to this Court, where it was affirmed. *See In re Thomas*, No. 1:11-cv-1608-WSD, [Doc. 11] (N.D. Ga. Sept. 21, 2011).

Shortly after this first bankruptcy case was dismissed, the Plaintiff filed a second case (No. 10-95887), and another adversary proceeding against Bank of America. *See Thomas v. Bank of Am. Home Loan Servicing LP. (In re Thomas)*, No. 11-05079-jrs (Bankr. N.D. Ga.). There was little activity in this second adversary, and it was eventually dismissed on February 19, 2014, due to the underlying bankruptcy case being dismissed on April 6, 2011. *Id.* at [Doc. 9]. This was not the end of the Plaintiff's litigation, however.

During the midst of his second bankruptcy case, the Plaintiff filed a case in this Court against Bank of America, N.A., BAC Home Loan Servicing, LP, McCalla Raymer, LLC, Countrywide Bank, FSB, Northstar, MERS, and MERSCORP. *See Thomas v. Bank of Am., N.A.*, No. 1:11-cv-00391-WSD (N.D. Ga.) (*Thomas I*). As evidenced by the Final Report and Recommendation issued by Magistrate Judge Baverman on January 10, 2013, the Plaintiff was challenging Bank of America's right to enforce the Security Deed by claiming that the assignments were fraudulent. *See Thomas I* at [Doc. 118], p. 7 ("As a result, Plaintiff contends, 'the assignment document was and is fraudulent in nature . . . .'"); *see also id.*at pp. 26-27; 40-41. All claims were dismissed with prejudice on February 4, 2013. *See Thomas I* at [Doc. 123]. The Plaintiff appealed the dismissal to the Eleventh Circuit, which affirmed. *See* 557 F. App'x 873 (11th Cir. 2014).

Shortly after this Court dismissed *Thomas I*, the Plaintiff filed another lawsuit in Fulton County Superior Court. *See Thomas v. Northstar Mortg. Group, LLC*, No. 2013CV227759 (Fulton Cnty. Super. Ct.) (*Thomas II*). The case was removed to this Court as Case No. 1:13-cv-01038-WSD, but remanded on October 16, 2013. In this case, the Plaintiff sought to quiet title to the Property, alleging that the assignments "attributed to MERS were unauthorized, fraudulent and cast a cloud upon plaintiff's residential property referred to within this complaint." *See*

No. 1:13-cv-01038-WSD at [Doc. 1-1], p. 13. Back in Superior Court, the case was assigned to a Special Master who issued an Order and Opinion on August 20, 2014 (the "Special Master Order"). *See Thomas IV* at [Doc. 12-3]. The Special Master found that *Thomas II* was barred by *res judicata* due to the dismissal with prejudice of *Thomas I* and that the Plaintiff had otherwise failed to state a claim upon which relief can be granted. *Id.* Judge Constance Russell adopted the Special Master Order as the final order of the Court on December 29, 2014 (the "Final Order"). *Id.* at [Doc. 12-4]. The Plaintiff appealed the Final Order to the Georgia Court of Appeals, which affirmed on June 9, 2016. *See* No. A16A0484 (Ga. Ct. App. June 9, 2016). *Id.* at [Doc. 12-5].

The Plaintiff filed yet another lawsuit in this Court on October 26, 2020. *See Thomas v. Bank of Am., N.A.*, No. 1:20-cv-04370-WMR (N.D. Ga.) ("*Thomas III*"). The case was dismissed for lack of subject matter jurisdiction on December 10, 2020. *See id.* at [Doc. 14]. After dismissal, the Plaintiff stayed quiet for eight months until he filed *Thomas IV* on August 18, 2021. In *Thomas IV*, the Plaintiff asserted claims for (1) violations of the Civil Rights Act of 1866 and 42 U.S.C. § 1982; (2) RICO; (3) fraud; and (4) civil conspiracy. *See generally Thomas IV* at [Doc. 1]. In short, all claims in *Thomas IV* are rooted in the allegation that the Assignment, executed in 2010, was fraudulent and that Bank of America thus

7

lacked standing to try to foreclose the Security Deed, and anyone who was ever associated with the loan – including law firms and individual lawyers – are somehow liable to him for damages.

All Defendants in *Thomas IV* moved to dismiss, primarily on the grounds that all claims are barred by *res judicata* and/or collateral estoppel. *See Thomas IV* at [Docs. 10, 12]. Those motions have been fully briefed and a hearing is scheduled for March 3, 2022. *Id.* at [Doc. 28]. Meanwhile, the Plaintiff filed a motion in *Thomas IV* on December 29, 2021, seeking to add SPS and DLJ as parties in the case because he got notice that the Security Deed was assigned to DLJ and that SPS was the new loan servicer. *Id.* at [Doc. 29], p. 1. That motion was opposed by Defendant Rubin Lublin, LLC, on the grounds that adding SPS and DLJ would be futile. *Id.* at [Doc. 30]. The motion remains pending.

Perhaps seeing the writing on the wall that this motion stands little chance of being granted, the Plaintiff filed the instant case on January 24, 2022, as a way to bring SPS and DLJ before this Court and circumvent the eventual denial of his motion in *Thomas IV*.

In the Complaint filed here, the Plaintiff alleges that he received a notice in late December 2021 from SPS and DLJ to inform him that servicing of the loan secured by the Security Deed had transferred from Bank of America. *See* [Doc. 1]

at p. 2, ¶ 2. The public records show that Bank of America assigned the Security Deed to DLJ on January 10, 2022, via Assignment of Security Deed, recorded the same day in Deed Book 65109, Page 166, Fulton County, Georgia records (the "DLJ Assignment"). A true and correct copy of the DLJ Assignment is attached hereto as **Exhibit "A"**.

The Plaintiff then alleges that the Defendants sent him letters demanding money or other personal information, and if they did not get it, "they would initiate a conduct a foreclosure against the plaintiff's residential property where he resides."  [Doc. 1] at p. 3, ¶ 3.  He says that the Defendants should have known about the pendency of *Thomas IV* and that they "have willingly set out to undermine the entire ongoing court process and to confederate themselves with Bank of America, N.A., and all the other defendants named to the already ongoing lawsuit." *Id.* at pp. 3-4, ¶¶ 4-5. The Plaintiff goes on to allege that the Defendants are

> continuing and participating within the ongoing fraud that the Bank of America defendants are already involve in [*sic*], continuing the ongoing civil and criminal conspiracy that Bank of America defendants are being sued for, and to further the ongoing efforts of the Bank of America defendants as violating this plaintiff's rights under The Civil Rights Act of 1866 and 42 U.S.C. § 1982, and The RICO statutes as described within 18 U.S.C. §§ 1961 and 1962 "Mail Fraud."

*Id.* at p. 4, ¶ 5.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    STANDARD OF REVIEW**

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

**B.    THIS CASE REPRESENTS IMPROPER CLAIM SPLITTING AND SHOULD BE IMMEDIATELY DISMISSED**

*Thomas IV* remains pending, seeking the exact same relief against parties that are in privity with DLJ and SPS. "It is well settled that a plaintiff 'may not file duplicative complaints in order to expand their legal rights." *Vanover v. NCO Fin.*

10

*Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (citations omitted). The "test for claim splitting 'is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit.'" *Id.* (quoting *Kantz v. Gerardi*, 655 F.3d 1212, 1218-19 (10th Cir. 2011)). Thus, this Court is to "appl[y] a two-factor test whereby the court 'analyzes (1) whether the case involves the same parties or their privies, and (2) whether separate cases arise from the same transaction or series of transactions.'" *Id.* at 841-42 (citation omitted).

> Successive causes of action arise from the same transaction or series of transactions when the two actions are based on the same nucleus of operative facts. *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004) (internal citations, quotations, and alterations omitted). The Fifth Circuit has adopted the transactional test of the Restatement (Second) of Judgments, § 24, which instructs the district court to consider the following factors:
>
> > What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. [Hence,] "[t]he critical issue is whether the two actions under consideration are based on the *same nucleus of operative facts*."

*Id.* at 842 (quoting *Petro-Hunt*, 365 F.3d at 396) (citations omitted).

The two-part test is clearly satisfied here. First, the Defendants are in privity with Bank of America, a party in *Thomas IV*. *See Gilford v. Bank of New York*

*Mellon as Trustee for CWALT, Inc.*, No. 1:18-cv-1567-SCJ-JSA, 2018 WL 4474648, at *8-9 (N.D. Ga. June 20, 2018) (citations omitted), *report and recommendation adopted*, 2018 WL 4473153 (N.D. Ga. July 26, 2018) (current and prior holders of security deeds and current and prior loan servicers are in privity). As to the second prong, the Plaintiff freely admitted that both cases arise out of the same nucleus of operative fact when he said that the basis for this lawsuit is the Defendants allegedly

> continuing and participating within the ongoing fraud that the Bank of America defendants are already involve in [*sic*], continuing the ongoing civil and criminal conspiracy that Bank of America defendants are being sued for, and to further the ongoing efforts of the Bank of America defendants as violating this plaintiff's rights under The Civil Rights Act of 1866 and 42 U.S.C. § 1982, and The RICO statutes as described within 18 U.S.C. §§ 1961 and 1962 "Mail Fraud."

[Doc. 1] at p. 4, ¶ 5.

Thus, the two-factor test has been satisfied and there should be no doubt that this case represents improper claim splitting with *Thomas IV*. This case should be immediately dismissed.

## C.   THE CLAIMS IN THE CASE ARE BARRED BY RES JUDICATA AND COLLATERAL ESTOPPEL

Even if this case did not represent improper claim-splitting, it should still be dismissed because the claims are barred by res judicata and collateral estoppel.

*1.  Res judicata*

This case was filed following two prior dismissals with prejudice in *Thomas I* and *Thomas II*. Both cases were grounded on the assertion that Bank of America lacked standing to enforce the Security Deed due to allegedly fraudulent assignments. Under federal preclusion principles,

> a party seeking to invoke the doctrine must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

*In re Piper Aircraft Corp.,* 244 F.3d 1289, 1296 (11th Cir. 2001) All four elements of *res judicata* have been satisfied:

1)      The judgments in *Thomas I* and *Thomas II* were rendered by a court of competent jurisdiction. The U.S. District Court for the Northern District of Georgia had federal question jurisdiction in *Thomas I*, as the case presented at least two claims under federal law – the Fair Debt Collection Practices Act and Real Estate Settlement Procedure Act. *See Thomas I* at [Doc. 118], p. 3. The Fulton County Superior Court has general jurisdiction in all cases, and exclusive jurisdiction over "cases respecting title to land." Ga. Const. Art. 6, § 4, ¶ 1. Therefore, its jurisdiction was proper in *Thomas II*.  Accordingly, the first element of *res judicata* has been met.

13

2)      In both *Thomas I* and *Thomas II*, there were final judgments on the merits. Both cases were dismissed for failure to state a claim upon which relief can be granted. The Order Adopting the Final Report and Recommendation in *Thomas I* stated that the "Plaintiff's Amended Complaint [76] is **DISMISSED WITH PREJUDICE**." *Thomas I* at [Doc. 123], p. 11. The Final Order in *Thomas II* adopted the Special Master Order, which granted a motion for judgment on the pleadings. *See* Ex. A at p. 9. Such dismissals are considered decisions on the merits for preclusion purposes. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (citations omitted).

3)      Both *Thomas I* and *Thomas II* involved Bank of America as a defendant. SPS and DLJ are in privity with Bank of America. *See Gilford*, 2018 WL 4474648, at *8-9 (current and prior holders of security deeds and current and prior loan servicers are in privity). Thus, the third prong is satisfied.

4)      Finally, all cases involve the same causes of action. To determine whether "the same cause of action is involved in both cases," this Court "must examine the factual issues that must be resolved in the second suit and compare them with the issues explored in the first case." *In re Piper Aircraft Corp.,* 244 F.3d at 1299 (quoting *Pleming v. Universal-Rundle Corp.,* 142 F.3d 1354, 1357-58 (11th Cir. 1998)). Specifically, it must be determined whether the second case

involves "legal theories and claims arising out the same operative nucleus of fact." *Id.* Here, all claims in the Complaint are grounded entirely on the allegation that Bank of America never had any rights in the Security Deed because the assignments were fraudulent (and thus SPS and DLJ could never obtain any rights in the Security Deed). This has been twice rejected and the Plaintiff cannot re-litigate the issue. This case should be dismissed as barred by *res judicata*.

### 2. *Collateral estoppel*

Plaintiff's Complaint is also barred by collateral estoppel. Where "claim preclusion does not apply to bar an entire claim or set of claims, the doctrine of collateral estoppel, or issue preclusion, may still prevent the relitigation of particular issues which were actually litigated and decided in a prior suit." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). "Collateral estoppel, or issue preclusion, 'recognizes that suits addressed to particular claims may present issues relevant to suits on other claims' ... and requires that the identical issue in question was actually litigated and necessary to the judgment of an earlier suit." *Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992) (citation omitted).

> The following elements must be established before collateral estoppel applies: (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must

have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case.

*In re Se. Banking Corp.*, 69 F.3d 1539, 1552 (11th Cir. 1995).

In resolving a claim of issue preclusion, "[a] court 'must look to the factual issues to be resolved [in the second cause of action], and compare them with the issues explored in' the first cause of action." *Manning*, 953 F.2d at 1359 (quoting *S.E.L. Maduro v. M/V Antonio De Gastaneta*, 833 F.2d 1477, 1482 (11th Cir. 1987)). "[A] consideration of 'actually litigated' is not addressed to the quality or quantity of evidence or argument presented. Instead, it only requires that an issue was effectively raised in the prior action, and that the adverse party had a fair opportunity to contest the issue." *In re Betts*, 174 B.R. 636 (Bankr. N.D. Ga. 1994).

Here, Plaintiff cannot dispute that he did or could have litigated all these issues in *Thomas I* or *Thomas II*. Indeed, as set forth above, Plaintiff actually raised all of the same arguments in *Thomas I* and *Thomas II*, and both cases were dismissed with prejudice. Specifically, in *Thomas I*, the Plaintiff's claims were all grounded on the allegation that the assignments of the Security Deed to Bank of America was fraudulent. Magistrate Judge Baverman thoroughly addressed each of Plaintiff's claims and related issues, including Plaintiff's general argument regarding the validity of foreclosure based on Plaintiff's erroneous claim that Bank

16

of America lacked standing to foreclose due to the allegedly fraudulent nature of the assignments. The R&R specifically found that Plaintiff lacks standing to challenge assignments of his Security Deed. The R&R was adopted by Judge Duffey and affirmed by the Eleventh Circuit and, as a result, all issues addressed by the R&R preclude Plaintiff from litigating the issues that actually were litigated or could have been litigated in the prior lawsuits. Here, the Plaintiff's claims are again all grounded on the baseless assertion that the assignments were fraudulent. *See* [Doc. 1] at p. 3, ¶ 4. As such, all claims here are barred by collateral estoppel and should be dismissed.

**D.   THE PLAINTIFF LACKS STANDING TO CHALLENGE ANY ASSIGNMENTS OF HIS SECURITY DEED**

Even if this case was not barred by preclusion doctrines, the Plaintiff has still failed to state any claim upon which relief can be granted. As noted above, all claims in the Complaint are grounded entirely on the allegation that the assignments of the security deed are claimed to be fraudulent. However, borrowers lack standing to challenge assignments of their security deed, since they are not parties to the assignments. *Ames v. JP Morgan Chase Bank, N.A.*, 783 S.E.2d 614, 620 (Ga. 2016). This principal was cited in *Thomas I* as one basis for dismissal.

17

*See Thomas I* at [Doc. 118], pp. 26-27 (collecting cases). Since the Plaintiff lacks standing to challenge the assignments, all his claims fail and must be dismissed.

## A.   THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR A CIVIL RIGHTS VIOLATION

In the first claim, the Plaintiff pleads a wholly unsupported and frivolous claim alleging a violation of 42 U.S.C. § 1982, which provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Without any factual support, the Plaintiff claims that he "is not White and the actions of these two defendants are for the sole purposes of preventing the plaintiff from owning, selling, holding, conveying or leasing property as a direct result of his race." [Doc. 1] at p. 6, ¶ 8. He then goes on to make allegations about conduct of Bank of America and then alleges that neither DLJ nor SPS have any interest in the Property. *Id.*

"Unlike 42 U.S.C. § 1983 which requires state action, Section 1982 also applies to private actors." *Farrior v. H.J. Russell & Co.*, 45 F. Supp. 2d 1358, 1367 (N.D. Ga. 1999). In *Farrior*, Judge Thrash held that claims under Section 1982 should be reviewed using the *McDonnell Douglas* burden shifting analysis that is applicable to Title VII employment discrimination claims. *Id.* at 1367.

> To state a claim under Section 1982, a plaintiff must establish a *prima facie* case of discrimination by a preponderance of the evidence. *Bell*, 857 F. Supp. at 1557. A *prima facie* case requires a showing by Plaintiff that (1) she is a member of a racial minority; (2) she applied for and was qualified to rent or purchase certain property or housing; (3) was rejected; and (4) that the housing or rental unit remained available after her denial. *Id.; see also Phiffer v. Proud Parrot Motor Hotel,* 648 F.2d 548 (9th Cir. 1980); *Harper v. Hutton,* 594 F.2d 1091 (6th Cir. 1979). Further, in the Eleventh Circuit a plaintiff must also show that the defendant intentionally discriminated against a plaintiff's race in rejecting a qualified offer. *Bell,* 857 F. Supp. at 1557–58, *citing Terry Properties, Inc. v. Standard Oil Co.,* 799 F.2d 1523, 1534 (11th Cir.1986).

*Id.* at 1367-68.

Here, the Plaintiff has not alleged any facts to make out a *prima facie* case. While the Plaintiff alleges that he is African American, there are no facts alleged showing any discriminatory intent or that any actions were taken against him because of his race by SPS or DLJ. In fact, the claim is solely about actions of Bank of America, which is not a party to this case. Since the claim is not based on any actions of SPS or DLJ, the claim immediately fails. Moreover, DLJ clearly has the right to enforce the Security Deed as the assignee, and any foreclosure sale is appropriate since the Plaintiff has not paid his mortgage sine 2010. His civil rights claim must be dismissed.

**B.   THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR MAIL FRAUD OR RICO**

In the next claim, the Plaintiff alleges that the Defendants are liable for mail fraud and RICO because it mailed documents to him "with demands for money via U.S. Mail and to threaten this plaintiff that they will foreclose on his residence for an alleged mortgage or loan that the plaintiff have never made with them nor with Bank of America, N.A." [Doc. 1] at p. 7, ¶ 9. It is unclear whether the Plaintiff intends to bring two separate claims – mail fraud and RICO – or just one under RICO. However, if deemed two separate claims, mail fraud is easily dismissed because it is "only actionable through a private federal RICO claim." *Keller v. Strauss*, No. 1:10-CV-3282-RWS, 2011 WL 2470631, at *6 (N.D. Ga. June 17, 2011), *aff'd*, 480 F. App'x 552 (11th Cir. 2012) (citing *Ayers v. Gen. Motors Corp.*, 234 F.3d 514, 519 n.8 (11th Cir. 2000)).

> A private plaintiff suing under the civil provisions of RICO must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff. See Ray, 836 F.3d at 1348. If a plaintiff fails to adequately plead any one of these elements, she has failed to state a claim upon which relief may be granted, and her complaint must be dismissed. Fed. R. Civ. P. 12(b)(6).

*Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020).

RICO claims must be pleaded with particularity, and a Plaintiff "allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place,

and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997) (citation omitted). "[I]n a case involving multiple defendants ... the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Id.*

Here, the Plaintiff has failed to allege the necessary elements of RICO, and has certainly not done so with particularity. Moreover, he lacks standing to bring this claim. "In order to have standing under RICO, the plaintiff must be 'injured in his business or property.'" *Keller*, 2011 WL 2470631, at *6 (quoting 18 U.S.C. § 1964(c); *Bivens Gardens Office Bldg, Inc. v. Barnett Banks of Fla., Inc.*, 140 F.3d 898, 906 (11th Cir. 1998); *Grogan v. Platt*, 835 F.2d 844, 847 (11th Cir. 1998)). The Plaintiff has not alleged that he has been damaged at all because of any alleged RICO violation. The Property has not been foreclosed and he has not paid any money in response to the alleged fraudulent demands for money. The Plaintiff also never alleges any facts showing that he has been damaged – the Complaint is completely silent on this point. *See generally* [Doc. 1]. Thus, the Plaintiff lacks standing to bring a RICO claim and it must be dismissed.

Even if he did have standing, the Plaintiff has failed to plead with particularity how the Defendants participated in a pattern of racketeering sufficient to comply with Rule 9(b). And he has failed to plead facts showing any predicate acts. The Plaintiff appears to be relying on mail fraud for the predicate acts, which

> require that a person (1) intentionally participates in a scheme or artifice to defraud another of money or property, and (2) uses or "causes" the use of the mail[ ] . . . for the purpose of executing the scheme or artifice. *United States v. Hewes,* 729 F.2d 1302, 1320 (11th Cir.1984) (mail fraud); *United States v. Hasson,* 333 F.3d 1264, 1270 (11th Cir.2003) (wire fraud). The first element—a scheme or artifice to defraud—"involves the making of misrepresentations intended and reasonably calculated to deceive persons of ordinary prudence and comprehension." *Beck,* 162 F.3d at 1095. As for the second element, a person "causes" the mails to be used within the meaning of 18 U.S.C. § 1341 . . . when he acts "with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended." *Pereira v. United States,* 347 U.S. 1, 8–9, 74 S.Ct. 358, 98 L.Ed. 435 (1954).

*United States v. Ward*, 486 F.3d 1212, 1222 (11th Cir. 2007).

The facts alleged here do not show and scheme or any "scheme or artifice to defraud another of money or property." What the facts do show is that the Security Deed was assigned to DLJ, which grants it standing to foreclose under Georgia law, *see You v. JP Morgan Chase Bank*, 743 S.E.2d 428, 433 (Ga. 2013), and the Plaintiff lacks standing to challenge that point. This is not a fraud in any way, shape, or form. Instead, this case should be seen for what it is – a bad faith attempt

22

by the Plaintiff to continue living for free after not having made a mortgage payment for over a decade. The RICO claim must be dismissed.

## C.   THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR FRAUD

Next, the Plaintiff tries to state a claim for fraud, the basis for which is utterly frivolous. The Plaintiff starts by noting that the Defendants contacted him "alleging to have been assigned a residential mortgage from Bank of America, N.A." and then says that "[a]ll attempts by Bank of America, N.A. and any person or entity acting on their behalf to collect any amount of money from this plaintiff is a direct result of fraud on the part of Bank of America, N.A. and also by these two defendants allegedly acting on their [Bank of America, N.A.]'s behalf." [Doc. 1] at pp. 5-6, ¶ 7.

"The   five elements of fraud and   deceit   in   Georgia   are:   (1)   false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff." *Johnson v. GAPVT Motors, Inc.*, 663 S.E.2d 779, 783 (Ga. Ct. App. 2008). Fraud claims must be pleaded with particularity. *See* Fed. R. Civ. P. 9(b). This requires that a Plaintiff "allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these

statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks*, 116 F.3d at 1380-81 (citation omitted).

The claim here fails for numerous reasons. First, it was not pleaded with particularity because the Plaintiff never gives any details about the time, place, and person responsible for each statement. He never identifies the "precise statements, documents, or misrepresentations made, and only generally references letters sent starting on December 21, 2021. He also never explains how he was misled or what the Defendants gained by the alleged fraud.

The claim also fails because the Plaintiff failed to plead the requisite elements of a fraud claim. DLJ is clearly entitled to enforce the Security Deed since it is the record assignee and the Plaintiff lacks standing to dispute the validity of any assignment. Any statement by DLJ or its servicer, SPS, requesting that money be sent to pay the mortgage is simply not fraudulent. Additionally, there are no allegations that the Plaintiff was misled by anything said by the Defendants or that he relied upon anything Defendants said to his detriment. The Plaintiff also failed to plead any scienter by the Defendants. He made no payments and did nothing else in response to the Defendants' letters other than filing this lawsuit. The Plaintiff has also failed to plead any facts showing damages, instead saying only that he "is entitle [*sic*] to the relief that he seeks by and through this complaint

24

now before this court." [Doc. 1] at p. 8, ¶ 10. Plaintiff has pleaded no facts showing any actual losses. The fraud claim fails and should be dismissed.

## D.   THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR A CONSPIRACY

Lastly, the Plaintiff contends that the Defendants have engaged in a civil conspiracy. *See* [Doc. 1] at p. 8, ¶ 11.

> A conspiracy is a combination of two or more persons to accomplish a n unlawful end or   to accomplish a lawful end by unlawful means. To recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort. Absent the underlying tort, there can be no liability for civil conspiracy.

*Jenkins v. Wachovia Bank, Nat. Ass'n*, 711 S.E.2d 80, 85 (Ga Ct. App. 2011) (citation omitted).

Since there is no underlying tort here, the conspiracy claim fails as a matter of law. The claim – along with the rest of the Complaint – should be dismissed.

## <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request that this Court grant their Motion to Dismiss.

Respectfully submitted, this 2nd day of February, 2022.

> /s/ Bret J. Chaness
> BRET J. CHANESS (GA Bar No. 720572)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> (470) 508-9203 (Facsimile)
> bchaness@rlselaw.com
>
> *Attorney for Select Portfolio Servicing, Inc.*
> *and DLJ Mortgage Capital, Inc.*

## <u>FONT CERTIFICATION</u>

The undersigned counsel hereby certifies that the within and foregoing was

prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted, this 2nd day of February, 2022.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have, this 2nd day of February, 2022, served all parties in this matter with the within and foregoing placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Keith Thomas
P.O. Box 960242
Riverdale, GA 30296

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)

# EXHIBIT "A"

Deed Book 65109 Page 166
Filed and Recorded 01/10/2022 04:30:00 PM
2022-0006172
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, GA
Participant IDs: 5224125492
7067927936

When Recorded Return To:
Fannie Mae
C/O Nationwide Title Clearing, LLC
2100 Alt. 19 North
Palm Harbor, FL 34683

## ASSIGNMENT OF SECURITY DEED

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING LP, FKA COUNTRYWIDE HOME LOANS SERVICING LP, WHOSE ADDRESS IS 4909 SAVARESE CIRCLE, TAMPA, FL 33634, (ASSIGNOR),** by these presents does convey, grant, assign, transfer and set over the described Security Deed with all interest secured thereby, all liens and any rights due or to become due thereon to **DLJ MORTGAGE CAPITAL, INC., WHOSE ADDRESS IS 11 MADISON AVENUE, 4TH FLOOR, NEW YORK, NY 10010, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**
Said Security Deed is executed by **KEITH E THOMAS, INDIVIDUAL** to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS GRANTEE, AS NOMINEE FOR NORTHSTAR MORTGAGE GROUP LLC, ITS SUCCESSORS AND ASSIGNS** and recorded in Deed **Book 45245, Page 448 and Document # 2007-0186592** in the office of the Clerk of the Superior Court of **FULTON** County, **Georgia**.
**IN WITNESS WHEREOF,** the undersigned has hereunto set its hand **this 10th day of January in the year 2022.**
**BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING LP, FKA COUNTRYWIDE HOME LOANS SERVICING LP, by NATIONWIDE TITLE CLEARING, LLC, its Attorney-in-Fact**

By: _____

SIERRA ELLIOTT
VICE PRESIDENT

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

Signed and delivered on the date above and in the presence of:

_____
SUSAN HICKS
WITNESS

STATE OF FLORIDA    COUNTY OF PINELLAS
Sworn to (or affirmed) and subscribed before me by means of [X] physical presence or [ ] online notarization on this 10th day of January in the year 2022, by Sierra Elliott as VICE PRESIDENT for NATIONWIDE TITLE CLEARING, LLC as Attorney-in-Fact for BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING LP, FKA COUNTRYWIDE HOME LOANS SERVICING LP. He/she is personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument.

_____
JULIE MARTENS
COMM EXPIRES: 5/22/2022

JULIE MARTENS
Notary Public - State of Florida
Commission # GG 221059
My Comm. Expires May 22, 2022
Bonded through National Notary Assn.

**Document Prepared By: Dave LaRose/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152**