## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KEITH THOMAS,

     Plaintiff,

v.

SELECT PORTFOLIO SERVICING,
INC. and DLJ MORTGAGE CAPITAL,
INC.,

     Defendants.

Case No. 1:22-cv-00272-WMR

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

COME NOW, Select Portfolio Servicing, Inc. ("SPS") and DLJ Mortgage Capital, Inc. ("DLJ") (sometimes collectively referred to as "Defendants"), and file this Response to the Plaintiff's Motion to Disqualify Counsel, respectfully showing this Honorable Court as follows:

## INTRODUCTION

Here he goes again. Plaintiff Keith Thomas is like a broken record, having filed multiple lawsuits challenging a 2010 assignment of a security deed and, along with those lawsuits, now three frivolous motions to disqualify counsel. *See Thomas*

1

*v. Bank of Am., N.A.*, No. 1:21-cv-03369-WMR, [Doc. 18]; [Doc. 21 at pp. 32-44] (N.D. Ga.) ("*Thomas IV*").

In this most recent Motion to Disqualify, the Plaintiff contends that Rubin Lublin, LLC ("RL") cannot represent the Defendants because it "contributed to and participated within the fraudulent act of drafting, mailing and filing the fraudulent [Assignment document] described within this present case [from Bank of America to DLJ]." [Doc. 11-1] at pp. 3-4. The Plaintiff presents no evidence to support this assertion, nor any other assertion in his motion. He then goes on to make more completely unsupported allegations that RL is somehow involved in a scheme to defraud him and that it was aware that Bank of America never had an interest in the subject security deed, *id.* at pp. 4-6, – which is an allegation that has been soundly rejected by this Court, making the present case and *Thomas IV* barred by res judicata and collateral estoppel. The Plaintiff believes RL is a witness in this case and he will need to depose it. The Plaintiff is wrong and his motion must be denied.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    STANDARD OF REVIEW**

In *Hermann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006), the Eleventh Circuit outlined the proper standard of review for motions to disqualify counsel:

> Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear. The Georgia Rules of Professional Conduct, contained in the Rules and Regulations of the State Bar of Georgia, and judicial decisions interpreting those rules and standards, govern the professional conduct of members of the bar of the United States District Court for the Northern District of Georgia. N.D. Ga. R. 83.1(C); *see also Bayshore Ford Truck Sales, Inc. v. Ford Motor Co.,* 380 F.3d 1331, 1338 (11th Cir. 2004). Second, federal common law also governs attorneys' professional conduct because motions to disqualify are substantive motions affecting the rights of the parties. *See Fed. Deposit Ins. Corp. v. U.S. Fire Ins. Co.,* 50 F.3d 1304, 1312 (5th Cir.1995); *Cole v. Ruidoso Mun. Sch.,* 43 F.3d 1373, 1383 (10th Cir.1994). [ ].
>
> If a district court bases its disqualification order on an allegation of an ethical violation, "the court may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power." *Schlumberger,* 113 F.3d at 1561. Instead, "[t]he court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule." *Id.*
>
> The party bringing the motion to disqualify bears the burden of proving the grounds for disqualification. *In re: BellSouth Corp.,* 334 F.3d 941, 961 (11th Cir.2003). "Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist." *Id.* A disqualification order "is a harsh

sanction, often working substantial hardship on the client" and should therefore "be resorted to sparingly." *Norton v. Tallahassee Mem'l Hosp.,* 689 F.2d 938, 941 n. 4 (11th Cir. 1982). A motion to disqualify brought by opposing counsel "should be viewed with caution ... for it can be misused as a technique of harassment." Ga. Rules of Prof'l Conduct, R. 1.7, cmt. 15.

## B.  THE MOTION FAILS TO COMPLY WITH THIS COURT'S LOCAL RULES

Just like his pending Motion to Disqualify in *Thomas IV*, the motion in the instant case also fails to comply with this Court's local rules. *See Thomas IV* at [Doc. 21], pp. 9-10. Under LR 7.1(A)(1) (N.D. Ga.), "[e]very motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority. If allegations of fact are relied upon, supporting affidavits must be attached to the memorandum of law." "[T]he Court cannot credit factual assertions made in a party's memorandum of law." *S. Ins. Co. of Va. v. Cruz Flooring Atlanta, LLC*, No. 1:18-CV-2754-AT, 2018 WL 9868220, at *3 n.5 (citing LR 7.1(A)(1)). "The Court, in its discretion, may decline to consider any motion or brief that fails to confirm to the requirements of these rules." LR 7.1(F) (N.D. Ga.).

Here, the Plaintiff's entire Motion is predicated on baseless assertions that RL is guilty of misconduct such as:

- "Contribut[ing] and participat[ing] within the fraudulent act of drafting, mailing and filing of the fraudulent [Assignment document] . . . ." [Doc. 11-1] at p. 3.

- Being "aware that there has never been a single document signed by this plaintiff promising to pay Bank of America, N.A. any amount of money for anything . . . ." *Id.* at p. 4.

- That RL's actions "constitute[ ] Racketeering Activity . . . ." *Id.* at p. 5.

- "[C]oncoct[ing] a secondary scheme to simply ignore the jurisdiction of this court and created, drafted, and had filed into the records . . . the fraudulent [Assignment documents] giving rise to this instant case before the court." *Id.*

The Plaintiff has leveled these serious charges without even a scintilla of evidentiary support. They are based on nothing but a false narrative that the Plaintiff has constructed in his head – after all, he has lost on the merits of this argument previously – and his overactive imagination certainly cannot result in such serious actions as the disqualification of counsel. This Court's local rules protect against such results by requiring parties to support factual assertions with

evidence. Since the Plaintiff has not even tried to do that, this Court should summarily deny the Motion to Disqualify.

## C.   THERE HAS BEEN NO VIOLATION OF RULE 3.7

Even if the Plaintiff had attempted to support his motion with evidence, it would not change the fact that the motion should be denied. As the Eleventh Circuit said, a motion to disqualify counsel cannot be granted unless the district court "clearly identif[ies] a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule." *Hermann*, 199 F. App'x at 752.

Here, the Plaintiff only mentioned a rule in the closing sentence of his brief, stating that RL should be "disqualified from being permitted to represent these defendants in accordance with ABA Model Rule of Professional Conduct 3.7(a) as justice so demands." [Doc. 11-1] at p. 9. Initially, the ABA Model Rules are simply that, models, which states then adopt on their own. Standing alone, an ABA Model Rule does not govern conduct. The relevant rule is Ga. R. Prof'l Conduct 3.7, which is derived from ABA Model Rule 3.7. The rule states that:

> a.   A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
> 1.   the testimony relates to an uncontested issue;
> 2.   the testimony relates to the nature and value of legal services rendered in the case; or

6

> 3.   disqualification of the lawyer would work substantial hardship on the client.
>
> b.   A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

"[T]he party moving to disqualify under Rule 3.7 has the burden of showing the lawyer is likely to be a necessary witness by demonstrating that the lawyer's testimony is relevant to the disputed, material questions of fact and that there is no other evidence available to prove those facts." *Clemence v. Quinn*, No. 1:11-CV-01366-RLV, 2012 WL 12874288, at *2 (N.D. Ga. Sept. 27, 2012). Here, the Plaintiff has failed to satisfy this burden first and foremost because his motion is targeted at disqualifying an entire firm. Rule 3.7 is directed at individual attorneys, and subsection (b) expressly allows a lawyer at a firm to "act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness . . . ." The Plaintiff has made zero attempt to show that the undersigned is likely to be a witness at a trial and the undersigned is aware of no basis on which he could be called as a witness.

Additionally, "federal courts construing the 'advocate-witness rule' have held that it generally does not apply to pretrial proceedings and that it does not require that a lawyer be disqualified from motions practice." *Bauman by & Through Sumner v. Publix Super Markets, Inc.*, No. 3:15-CV-00075-TCB, 2015

WL 13658206, at *2 (N.D. Ga. Sept. 3, 2015) (citing *Mercury Vapor Processing Techs., Inc. v. Village of Riverdale*, 545 F. Supp. 2d 783, 787–789 (N.D. Ill. 2008); *Jackson v. Adcock*, 2004 WL 1661199, at *4 (E.D. La. July 22, 2004); *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 239 F. Supp. 2d 1170, 1174 (D. Colo. 2003)). Here, this case is only at the pleading stage and a Motion to Dismiss is pending. It is thus premature to disqualify any counsel based on Rule 3.7 and the Plaintiff's Motion to Disqualify should be denied.

## <u>CONCLUSION</u>

The Plaintiff has been abusing the court system for over a decade to avoid a foreclosure sale. Part of his abuse has included the harassment of opposing counsel through frivolous motions to disqualify such as that pending in this case. The Georgia Rules of Professional Conduct warn that "[a] motion to disqualify brought by opposing counsel 'should be viewed with caution ... for it can be misused as a technique of harassment.'" *Hermann*, 199 F. App'x at 752 (quoting Ga. Rules of Prof'l Conduct, R. 1.7, cmt. 15). It is evident that the Plaintiff uses these motions precisely for that reason. This Court should deny the motion and consider using its inherent powers to sanction the Plaintiff.

Respectfully submitted, this 23rd day of February, 2022.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> (470) 508-9203 (Facsimile)
> bchaness@rubinlublin.com
>
> *Attorney for Select Portfolio Servicing, Inc.*
> *and DLJ Mortgage Capital, Inc.*

## <u>FONT CERTIFICATION</u>

The undersigned counsel hereby certifies that the within and foregoing was

prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 23rd day of February, 2022.

*<u>/s/ Bret J. Chaness</u>*
BRET J. CHANESS (GA Bar No. 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 23rd day of February, 2022, served all parties

in this matter with the within and foregoing placing a true and correct copy of same

in the United States Mail, with first-class prepaid postage affixed thereto, properly

addressed as follows:

Keith Thomas
P.O. Box 960242
Riverdale, GA 30296

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)