IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC. and DLJ MORTGAGE CAPITAL, INC.,<br><br>    Defendants. | Case No. 1:22-cv-00272-WMR |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS

COME NOW, Select Portfolio Servicing, Inc. ("SPS") and DLJ Mortgage Capital, Inc. ("DLJ") (sometimes collectively referred to as "Defendants"), and file this Reply to the Plaintiff's Response [Doc. 15] to their Motion to Dismiss [Doc. 7], respectfully showing this Honorable Court as follows:

### ARGUMENT AND CITATION OF AUTHORITY

**A.   THE PLAINTIFF'S RESPONSE IS UNTIMELY AND SHOULD BE DISREGARDED**

The Defendants' Motion to Dismiss was filed on February 2, 2022, and the Plaintiff's Response was not filed until March 4, 2022 – thirty days later. Under

1

LR 7.1(A)(2) (N.D. Ga.), the response was due 14 days after service of the motion (with an additional three for mailing), making the due date February 21, 2022. The Plaintiff never requested additional time or gave any reason for the late filing. *See generally* [Doc. 15]. "The Court, in its discretion, may decline to consider any motion or brief that fails to confirm to the requirements of these rules." LR 7.1(F) (N.D. Ga.).

      The Plaintiff should be well aware of these rules, as he is a seasoned litigant in this Court, having been a party to at least four prior cases here. Moreover, this is not a situation where the Plaintiff is unwittingly before this Court after the Defendants removed the case from state court. He originally filed in this Court. And even though the Plaintiff is *pro se*, "he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). This Court should not give the Plaintiff any benefit of the doubt here, especially as he has presented this Court with a frivolous case, ostensibly for no other purpose than delaying a foreclosure sale. The response should be disregarded and the Motion to Dismiss should be deemed unopposed. *See* LR 7.1(B) (N.D. Ga.).

**B. THE PLAINTIFF'S RESPONSE IS WOEFULLY INADEQUATE**

Even if this Court decides to consider the response, it is woefully inadequate and fails to properly respond to the Motion to Dismiss. To begin with, the Plaintiff cited to absolutely no case law or other legal authority in support of his arguments, save for one clearly inapplicable case.[1] *See generally* [Doc. 15]. The Plaintiff also stated numerous times that the Defendants failed to refute facts in the Complaint or present evidence to contradict them or that he could present evidence to establish extrinsic facts not mentioned in the Complaint. *See* [Doc. 15] at pp. 8, 13, 16, 19. It is not the Defendants place to try to do that at this point in the litigation because the purpose of a Motion to Dismiss is to test the claims by assuming the well-pleaded facts in the Complaint are true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Quite simply, the Plaintiff's brief is a rambling diatribe, and the Defendants will rest on their initial Memorandum of Law in Support of their Motion to Dismiss. It is not necessary to attempt to refute the Plaintiff's tardy and

---

[1] The only case cited to is *Carpenter v. Longan*, 83 U.S. 271 (1872). *See* [Doc. 15] at p. 15. The Plaintiff claims this case says that the promissory note and security instrument are inseparable and only the holder of the note can enforce the security instrument. Georgia law clearly says otherwise. *See You v. JP Morgan Chase Bank, N.A.*, 743 S.E.2d 428, 433 (Ga. 2013) ("Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt underlying the deed.").

unsupported arguments, because they are just that, unsupported. This case is clearly barred by the claims-splitting doctrine and the doctrines of res judicata and collateral estoppel. The Motion to Dismiss should be granted.

## **CONCLUSION**

Based on the foregoing, the Defendants respectfully renew their request that this Court grant their Motion to Dismiss.

Respectfully submitted, this 18th day of March, 2022.

>  */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> (470) 508-9203 (Facsimile)
> bchaness@rlselaw.com
>
> *Attorney for Select Portfolio Servicing, Inc. and DLJ Mortgage Capital, Inc.*

## FONT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted, this 18th day of March, 2022.

>   */s/ Bret J. Chaness*
>   BRET J. CHANESS (GA Bar No. 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 18th day of March, 2022, served all parties in this matter with the within and foregoing placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Keith Thomas
P.O. Box 960242
Riverdale, GA 30296

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)